IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JAMES SHANNON,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>R AND J TECHNICAL SERVICES, LLC F/K/A R AND J TECHNICAL SERVICES, INC.<br><br>*Defendant* | § § § § § § § § § § § § § § | Civil Action No. 7:15-cv-229<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

ORIGINAL COLLECTIVE ACTION COMPLAINT

James Shannon brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Potential Class Members" or "Day Rate Workers") who worked for R and J Technical Services, LLC f/k/a R and J Technical Services, Inc. ("R and J Tech"), and received a day rate plus non-discretionary hourly job bonuses but no overtime, during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

I.
OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Potential Class Members are those persons who are current and former non-exempt employees—Day Rate Workers—employed by R and J Tech within the last three years.

1.3     During this time, Plaintiff and the Potential Class Members were (and are) paid a day rate plus non-discretionary hourly job bonuses for all hours worked in the field.

1.4     Plaintiff and the Potential Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by R and J Tech not to pay overtime compensation to Plaintiff and the Potential Class Members was neither reasonable nor in good faith.

1.7     R and J Tech knowingly and deliberately failed to compensate Plaintiff and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.9     Plaintiff and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff James Shannon ("Shannon") worked for R and J Tech within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Shannon did

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Potential Class Members are those current and former workers who were employed by R and J Tech in the past three years and have been subjected to the same illegal pay system under which Plaintiff Shannon worked and was paid—specifically, all other Day Rate Workers.

2.3     R and J Technical Services, LLC f/k/a R and J Technical Services, Inc. ("R and J Tech") is a foreign limited liability company doing business in the State of Texas and may be served through its registered agent for service, Christopher Colvin, 751 West 45th Street, Monahans, Texas.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over R and J Tech because the cause of action arose within this district as a result of R and J Tech's conduct within this District.

3.3     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, R and J Tech conducts substantial business throughout West Texas and Plaintiff Shannon worked out of R and J Tech's Monahans, Texas office, all of which are located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

---

[2] The written consent of James Shannon is attached hereto as Exhibit "A".

4.1     At all times hereinafter mentioned, R and J Tech has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, R and J Tech has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, R and J Tech has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Potential Class Members' employment by R and J Tech, these individuals provided services for R and J Tech that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Potential Class Members are (or were) non-exempt employees of R and J Tech who were engaged in oilfield services that were directly essential to the production of goods for R and J Tech and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Day Rate Workers who were employed by R and J Technical Services, LLC f/k/a R and J Technical Services, Inc., at any time from December 16, 2012 to the present"

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of R and J Tech.

## V.
## FACTS

5.1     R and J Tech supplies electrical and technical services to the oil and gas industry[3] throughout the major shale plays in the United States, including the State of Texas, Louisiana, Utah, New Mexico, Colorado, Wyoming, Montana, North Dakota and Alaska.[4]

5.2     To provide these services, R and J Tech employed (and continue to employ) numerous Day Rate Workers workers who were (mis)classified as exempt workers.

5.3     Plaintiff Shannon was employed by R and J Tech from approximately October 2013 through November 2015.

5.4     R and J Tech paid (and continue to pay) its Day Rate Workers a flat day rate plus non-discretionary hourly bonuses for all hours worked in the field but no overtime for hours worked over forty (40) each workweek. Specifically, Plaintiff Shannon was originally paid a $100 each day (later reduced to $75 per day) plus $25.00 to $30.00 per hour for all hours worked in the field.

---

[3] http://powerprosusa.com.

[4] http://powerprosusa.com/contact/.

5.5     Although it is well-known that blue-collar workers like Plaintiff and the Day Rate Workers are *__not exempt__* from overtime, R and J Tech did not pay Plaintiff and the Day Rate Workers the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

5.6     R and J Tech determined the hours Plaintiff and the Day Rate Workers worked.

5.7     R and J Tech set Plaintiff and the Day Rate Workers' pay and controlled the number of hours they worked.

5.8     R and J Tech set all employment-related policies applicable to Plaintiff and the Day Rate Workers.

5.9     R and J Tech maintained control over pricing and marketing. R and J Tech also chose equipment and product suppliers.

5.10    R and J Tech owned or controlled the equipment and supplies Plaintiff and the Day Rate Workers used to perform their work.

5.11    R and J Tech had the power to hire and fire Plaintiff and the Day Rate Workers.

5.12    R and J Tech made all personnel and payroll decisions with respect to Plaintiff and the Day Rate Workers, including but not limited to, the decision to pay Plaintiff and the Day Rate Workers a flat day rate plus non-discretionary hourly bonuses for all hours worked in the field with no overtime pay.

5.13    R and J Tech reimbursed Plaintiff and the Day Rate Workers for expenses and bought or provided tools and equipment Plaintiff and the Day Rate Workers used.

5.14    Plaintiff and the Day Rate Workers did not employ their own workers.

5.15    Plaintiff and the Day Rate Workers worked continuously for R and J Tech on a permanent full-time basis.

5.16     R and J Tech, instead of Plaintiff and the Day Rate Workers, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, R and J Tech paid operating expenses like rent, payroll, marketing, insurance, and bills.

5.17     Plaintiff and the Day Rate Workers relied on R and J Tech for their work. Plaintiff and the Day Rate Workers did not market any business or services of their own. Instead, Plaintiff and the Day Rate Workers worked the hours assigned by R and J Tech, performed duties assigned by R and J Tech, worked on projects assigned by R and J Tech, and worked for the benefit of R and J Tech's customers.

5.18     R and J Tech paid Plaintiff and the Day Rate Workers on a bi-weekly basis. Plaintiff and the Day Rate Workers did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Day Rate Workers' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by R and J Tech.

5.19     R and J Tech improperly classified Plaintiff and the Day Rate Workers as exempt from overtime under the FLSA. The classification was improper because Plaintiff and the Day Rate Workers were not in business for themselves. Instead, they were economically dependent upon R and J Tech for their work.

5.20     Moreover, Plaintiff and the Day Rate Workers were not required to have an advanced degree to work for R and J Tech. In fact, R and J Tech regularly hired (and continues to hire) employees with only a high school diploma (or less).

5.21     Plaintiff and the Day Rate Workers are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the utility and industrial industry.

5.22     Plaintiff and the Day Rate Workers' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.23    Plaintiff and the Day Rate Workers did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.24    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.25    R and J Tech did not pay any overtime at all for work in excess of forty (40) hours per week.

5.26    R and J Tech knows (or should have known) Plaintiff and the Day Rate Workers are *not exempt* from the FLSA's overtime provisions.

5.27    Thus, it is clear that R and J Tech has acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and the Day Rate Workers for hours worked in excess of forty (40) during the workweek.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    R and J Tech violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2    Moreover, R and J Tech knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3 R and J Tech knew or should have known their pay practices were in violation of the FLSA.

6.4 R and J Tech are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5 Plaintiff and the Day Rate Workers, on the other hand, are (and were) unsophisticated laborers who trusted R and J Tech to pay according to the law.

6.6 The decision and practice by R and J Tech to not pay overtime was neither reasonable nor in good faith.

6.7 Plaintiff and the Day Rate Workers are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.    COLLECTIVE ACTION ALLEGATIONS**

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs.

6.9 Other similarly situated employees have been victimized by R and J Tech's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10 The Potential Class Members are "all Day Rate Workers employed by R and J Technical Services, LLC f/k/a R and J Technical Services, Inc., at any time from December 16, 2012 to the present."

6.11 R and J Tech's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Day Rate Workers.

6.12 Thus, Plaintiff's experiences are typical of the experiences of the Day Rate Workers.

6.13	The specific job titles or precise job requirements of the various Day Rate Workers does not prevent collective treatment.

6.14	All of the Day Rate Workers—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15	Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Day Rate Workers are blue-collar workers entitled to overtime after forty (40) hours in a workweek.

6.16	R and J Tech employed a substantial number of Day Rate Workers in the State of Texas and the United States during the past three years. These workers are geographically dispersed, residing and working in different locations throughout the State of Texas and the United States.

6.17	Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and R and J Tech will retain the proceeds of its rampant violations of federal wage and hour laws.

6.18	Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19	Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL DAY RATE WORKERS EMPLOYED BY R AND J TECHNICAL SERVICES, LLC F/K/A R AND J TECHNICAL SERVICES, INC., AT ANY TIME FROM DECEMBER 16, 2012 THROUGH THE PRESENT.**

## VII.
## RELIEF SOUGHT

7.1	Plaintiff respectfully prays for judgment against R and J Tech as follows:

a.	For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring R and J Tech to provide the names, addresses, e-mail

addresses, telephone numbers, and social security numbers of all potential collective action members;

  b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding R and J Tech liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of R and J Tech; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
calexander@phippsandersondeacon.com
**PHIPPS ANDERSON DEACON LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEY IN CHARGE FOR PLAINTIFF AND POTENTIAL CLASS MEMBERS**